BARHAM, Justice
(dissenting).
I concur in the finding that Phillips was guilty of negligence, but I must dissent *381 from the conclusion that Dick cannot recover because of contributory negligence.
The majority has assigned standards of care to a motorist in the inner traffic lane on one side of a divided expressway through the application of traffic regulations for streets and highways intersected by cross-streets. An inner lane of traffic on a divided expressway is intended for through motorists who are maintaining the faster rates of speed within the posted limits, and traffic in' the inner lane is continually passing the slower traffic in the outer lane. There can be no analogy between the standard of care required of a motorist passing at the intersection of a cross-street and that which should be required of a motorist passing in the inner or fast lane on a divided expressway at a point where traffic merges into the outer lane from another traffic artery; and the same rules do not apply in both situations.
Moreover, I find no causal connection between the accident and the fact that Dick had pulled into the inner or passing lane only a few moments before the accident occurred. The evidence in this case shows that Phillips was not relying upon an open inner lane since he looked neither to the rear nor to the side to determine whether that lane, into which he suddenly moved, was clear. Even if Dick had been driving in that lane for a considerable time instead of just entering it to execute a passing movement, the accident would still have occurred because of the sudden emergency created by Phillips’ unexpected turn into Dick’s lane.
I fail to find contributory negligence, and I therefore respectfully dissent.